O

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **JOSE ALFREDO VIGIL ALONSO**, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 5:06-cv-156 |
| | § | Criminal No. 5:05-cr-1526 |
| | § | |
| **UNITED STATES**, | § | |
| | § | |
| *Respondent*. | § | |
| | § | |

## <u>OPINION & ORDER</u>

Pending before the Court is Petitioner Jose Alfredo Vigil Alonso's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Civ. Dkt. No. 1]. Upon due consideration of the Motion and the governing law, the Court DISMISSES Petitioner's Motion.


## I.    PROCEDURAL BACKGROUND AND RELEVANT FACTS

On August 17, 2005, Petitioner pled guilty to possession with the intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a). [Cr. Dkt. No. 22]. He was subsequently sentenced to 70 months imprisonment. *Id.* On December 6, 2005, Petitioner filed his Notice of Non-Appeal. [Cr. Dkt. No. 21].

On October 27, 2006, Petitioner filed the § 2255 Motion now before the Court, claiming: (1) that he suffered ineffective assistance of counsel, in violation of his Sixth Amendment rights, because counsel failed "to investigate the facts of [his] case;" (2) that he suffered ineffective assistance because "counsel promised him that if he [pled] guilty he [would] receive[] a sentence[] of 57 months in prison;" (3) he was sentenced based on facts not found by a jury

beyond a reasonable doubt, in violation of the Supreme Court's recent decision in *United States v. Booker*, 543 U.S. 220 (2005); and (4) the prosecution failed to notify the Mexican government of his arrest, in violation of Article 36 of the Vienna Convention. [Dkt. No. 1].

## II.    DISCUSSION

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal . . . [but rather] . . . have been relegated to later petitions under 28 U.S.C. § 2255." *United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979). The standard governing ineffective assistance claims was established by the Supreme Court in *Strickland*: a habeas petitioner claiming ineffective assistance must show (1) that trial counsel's performance fell below an objective standard of reasonableness, and (2) that the petitioner suffered prejudice as a result. *Id.* at 687. Since a court may address these prongs in either order, *id.* at 697, to the extent that doing so facilitates efficient disposal of Petitioner's claims, the Court will focus primarily on whether Petitioner, based on the record and allegations as they currently stand, is precluded from demonstrating prejudice.

### A.  Failure to Investigate

Petitioner first argues that he suffered ineffective assistance because counsel failed to adequately investigate the facts of his case. Petitioner elaborates on this claim only with the

assertion that "[t]he drugs are [sic] found in the [c]ar which was not [sic] belong to . . . Petitioner, neither [sic] it was [sic] registered [i]n his name." [Dkt. No. 24 at 4]. Petitioner does not claim that counsel was unaware of Petitioner's relationship with the vehicle in question, nor does he claim that an investigation would have revealed facts which would exculpate him. Further, Petitioner does not suggest how counsel's alleged failure was prejudicial. Although a defense attorney has a duty to adequately investigate the facts of his client's case, *Nealy v. Cabana*, 764 F.2d 1173, 1178 (5th Cir. 1985), Petitioner's Motion, on its face, does not seriously implicate this duty.

### B.  Promise of Lower Sentence

Petitioner next claims he suffered ineffective assistance because counsel promised him a 57 month sentence if he pled guilty. [Dkt. No. 24 at 4].

Assuming for the moment that counsel did make such a promise, Petitioner cannot show prejudice. The audio record of the plea colloquy reveals that, when asked by the Magistrate Judge whether he understood that he was facing a potential life sentence, Petitioner clearly answered in the affirmative. Further, the plea agreement, which Petitioner personally signed, states:

> [t]he Defendant understands that the sentence to be imposed is within the discretion of the sentencing judge. . . The Defendant is . . . aware that any estimate of the probable sentencing range . . . that Defendant may have received from . . . counsel . . . is a prediction, not a promise, and is not binding on the . . . Court.

[Cr. Dkt. No. 15, ¶¶ 7-9]. In short, because Petitioner pled guilty with the understanding that he could receive a sentence of 70 months (or higher,) he cannot show that he suffered prejudice as a result of being "promised" otherwise.

**C.  *Booker* Error**

Petitioner's next argument seems to be that the Court violated his Sixth Amendment right to a jury trial when it sentenced him at an offense level of 27 under the Federal Sentencing Guidelines, based on facts not found by a jury. [Dkt. No. 1 at 5]. In support of this argument, Petitioner invokes the Supreme Court's decision in *United States v. Booker*, where the Court held that "any fact other than a prior conviction that [is] necessary to support a sentence exceeding the maximum authorized by the facts, established by a plea of guilty, or a jury verdict, [must be either] admitted by a defendant or proved to a jury beyond a reasonable doubt." 543 U.S. 220, 244 (2005).

A direct attack on a sentencing court's application of the Guidelines is not cognizable in the § 2255 context. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Notwithstanding the facial non-cognoscibility of this claim, *pro se* petitioners are held to a relatively forgiving pleading standard. *See Haines v. Kerner*, 404 U.S. 519 (1972). Thus, the Court charitably reads Petitioner's claim as one of ineffective assistance by way of counsel's *failure to object* to the sentencing court's application of the Guidelines; this, however, does not change the outcome. Petitioner's offense level was not adjusted upward at all, but only *downward* based on acceptance of responsibility and the so-called "safety valve" provision of 18 U.S.C. § 3553(f). Therefore, there is no conceivable *Booker* argument here.

**D.  The Vienna Convention**

Petitioner next contends that the United States failed to notify the Mexican government of his arrest, as is required per Article 36 of the Vienna Convention.

The Vienna Convention, ratified domestically as 21 U.S.T. 77, "was drafted in 1963 with the purpose . . . of 'contribut[ing] to the development of friendly relations among nations,

irrespective of their differing constitutional and social systems.'" *Sanchez-Llamas v. Oregon*, 126 S. Ct. 2669, 2674-75 (2006) (quoting the Convention). Under Article 36(1)(b) of the Convention,:

> if [a foreign consular] so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner.

"In other words, when a national of one country is detained by authorities in another, the authorities must notify the consular officers of the detainee's home country if the detainee so requests." *Sanchez-Llamas*, 126 S. Ct. at 2674-75. Article 36(1)(b) further provides that "[t]he said authorities shall inform the person concerned without delay of his rights under this sub-paragraph."

In *Sanchez-Llamas*, the Supreme Court held that "claims under Article 36 of the Vienna Convention may be subjected to the same procedural default rules that apply generally to other federal-law claims." *Id.* at 2687. As such, courts are to apply to Vienna Convention claims the general rule "that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Id.* at 2682; *see also Medellin v. Dretke*, 125 S. Ct. 2088, 2090 (2005); *Breard v. Greene*, 523 U.S. 371, 375-76 (1998); *Cardenas v. Dretke*, 405 F.3d 244, 252-53 (5th Cir. 2005). Petitioner chose not to appeal his conviction to the Fifth Circuit. [Cr. Dkt. No. 21]. Therefore, he waived his opportunity to raise his Vienna Convention argument, and he cannot now raise it on collateral attack.

Even if the Court recharacterized his claim as one of ineffective assistance, Petitioner would not be entitled to relief, as Petitioner has not indicated what, if any, prejudice he suffered as a result of counsel's failure to demand contact with the Mexican government. Indeed, in noting that international treaties are meant not to confer rights upon individuals, but that rather to maintain

comity between national sovereigns, the Fifth Circuit has expressly refused to conclude that Article 36 establishes for alien defendants rights that may be subject to judicial enforcement. *See United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir. 2001). Thus, "it plainly appears from the face of the motion" that Petitioner is not entitled to relief on this ground. *See* 28 U.S.C. § 2255 Proc. R. 4(b).


### III.    CONCLUSION

Because Petitioner fails to provide the Court with any basis to believe he may be entitled to relief, his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

IT IS SO ORDERED.

Done this 5th day of July, 2007, in Laredo, Texas.


_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**